# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**UNITED STATES OF AMERICA**

v.  CRIMINAL NO. 3:04CR158

**GORDON T. TOLLISON**

## ORDER DENYING MOTION TO QUASH AND SUPPLEMENTAL MOTION TO QUASH

This cause comes before the Court on the defendant's motion to quash [15-1] and his supplemental motion to quash [30-1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The defendant is Gordon T. Tollison, a resident of Oxford, Mississippi, who previously served as owner and operator of Environmental Utilities Services, Inc. (EUS), a Mississippi corporation engaged in the building and acquisition of sewage and wastewater treatment facilities for housing developments in and around Lafayette County, Mississippi. On October 1, 2004, Tollison was indicted on multiple counts of violating the Clean Water Act through his alleged mismanagement of four waste treatment facilities in Lafayette County.

In the instant motions, Tollison seeks to quash the indictment. Tollison cites numerous theories for why the indictment is defective, none of which the Court finds persuasive. The Court will address each of his theories briefly below.

Tollison first argues that his rights under the Due Process Clause of the U.S. Constitution were violated by the five year delay between the last violations complained of in the indictment and the presentation of the case to the grand jury. The Court is not persuaded that Tollison's Due

Process rights were violated given that the indictment addresses a pattern of persistent and repeated criminal activity which has allegedly been continuing for over twenty-eight years.

Tollison next argues that because the malfeasance alleged by the indictment was also subject to state enforcement proceedings on October 28, 1999, federal prosecution of him violates his rights under the Double Jeopardy Clause of the Constitution. As the government points out, however, it is well established that both state and federal governments may pursue separate prosecutions of the same criminal activity without running afoul of the Double Jeopardy Clause.

Tollison next argues that the Clean Water Act, 33 U.S.C. § 1311, should be held void for vagueness because it fails to properly define terms such as "navigable waters," "waters of the United States" and "sewer system" so as to properly put Tollison on notice of the charges against him. The Court is not persuaded that the Act is impermissibly vague. The Act clearly lays the elements of the crimes for which Tollison is charged. At worst, the purported ambiguities in the Act create a possible fact issue as to whether the waters into which Tollison allegedly pumped waste material are waters that Congress intended to be covered by the Act. However, such a fact issue is more likely the province of the jury than the Court. In any case, this issue does not undermine the validity of the indictment, and to the extent that it may theoretically entitle Tollison to judgment of acquittal, the Court reserves ruling until trial.

Next, Tollison argues that the charges against him fall under Mississippi's two-year statute of limitations. As the Government notes, however, 18 U.S.C. § 3282 establishes a five-year statute of limitations for all federal non-capital crimes, including the crimes charged in the instant indictment.

Finally, in his Supplemental Motion to Quash, Tollison argues that the streams into which

he allegedly dumped sewage are not subject to federal jurisdiction concurrent with that of the state, as they do not fit the statutory definition of being either navigable waters or adjacent to navigable waters. The Court is unpersuaded by this reasoning, at least at this stage of the proceedings. However, Tollison remains free to present evidence at trial rebutting the Government's claims that the polluted waterways fall under the Government's jurisdiction.

In light of the foregoing analysis, the defendant's motion to quash [15-1] and supplemental motion to quash [30-1] are both DENIED.

This is the 21st day of July, 2005.

                                             **/s/ Michael P. Mills**
                                             **UNITED STATES DISTRICT JUDGE**