**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 3:04CR158

GORDON T. TOLLISON

## ORDER DENYING MOTIONS TO SUPPRESS

This cause comes before the Court on two motions to suppress [16-1;17-1] submitted by the defendant. The Court has reviewed the briefs and exhibits and is prepared to rule.

The defendant is Gordon T. Tollison, a resident of Oxford, Mississippi, who previously served as owner and operator of Environmental Utilities Services, Inc. (EUS), a Mississippi corporation engaged in the building and acquisition of sewage and wastewater treatment facilities for housing developments in and around Lafayette County, Mississippi. On October 1, 2004, Tollison was indicted on multiple counts of violating the Clean Water Act through his alleged mismanagement of four waste treatment facilities in Lafayette County, including one count of making false statements to officials of the Mississippi Department of Environmental Quality (MDEQ).

Tollison argues that this Count is barred by Mississippi's two-year statute of limitations. The Court has previously held, however, that the controlling statute of limitations is the five-year statute contained in 18 U.S.C. § 3282. In the alternative, Tollison argues that the allegations fall outside even the five-year statute of limitations because "the activity in question concerns monitoring reports from 1997, 1998, and part of 1999. . . ." As the Court understands the facts of the case, the allegedly false statements were on or about October 29, 1999 and the indictment was issued on October 4,

2004, which was within the five-year statute of limitations. The fact that the statement itself referenced events which happened even earlier does not alter this fact.

Tollison also claims that the allegedly false statement constitutes inadmissible hearsay under Fed. R. Evid. 801(a) and 801(c). As the Government rightly points out, however, admissions by a party opponent are not hearsay. Furthermore, when a defendant is accused of making a false statement, the statement itself is obviously admissible as proof merely that the statement was made and is not offered for the proof of the matter asserted.

Tollison next argues that the allegedly false statements, which were taken by MDEQ officials in reference to a civil matter, should not be admissible in a criminal proceeding against him because allowing the Government to introduce those allegedly false statements would violate his "5th Amendment right to silence and avoidance of self-incrimination when facing indictment." Tollison cites no authority for this expansion of <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1964). The Court perceives no basis for concluding that a defendant's Fifth Amendment right to avoid self-incrimination is violated when he freely offers a statement to a government official (who apparently is not engaged in criminal law enforcement) outside the context of custodial arrest.

Next, Tollison directs the Court's attention to <u>Crawford v. Washington</u>, 541 U.S. 36, 124 S.Ct. 1353, 158 L.Ed.2d 177 (2004), which Tollison interprets to bar all testimonial hearsay under the Confrontation Clause of the Sixth Amendment. A more accurate interpretation of this case is that it bars testimonial out-of-court statements by witnesses except where the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. <u>Crawford</u>, 541 U.S. at 59, 124 S.Ct. at 1354. The Court fails to see the applicability of <u>Crawford</u> to the case at bar where the statement to be introduced is not hearsay.

2

Finally, Tollison also seeks suppression of "[a]ny evidence gathered in inspecting or testing the Brittany Woods, College Hill, Rolling Woods, or Western Hills facilities that was not obtained pursuant to a federal search warrant." Tollison does not identify any particular evidence he seeks to exclude under this motion, and the Government has not responded to this particular argument. Accordingly, the Court reserves ruling on the question of any possible violations of Tollison's Fourth Amendment right to be free of unreasonable searches until trial, at which time the parties can more fully apprize the Court of any pertinent Fourth Amendment issues.

In accordance with the foregoing analysis, the defendant's motions to suppress [16-1;17-1] are both DENIED.

This is the 21st day of July, 2005.

          **/s/ Michael P. Mills**
**UNITED STATES DISTRICT JUDGE**